IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. MORSE and TANYA L. MORSE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 14-03348-CV-S-GAF |
| COUNTY OF OZARK, MISSOURI, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court are Defendants Garreth Heidi ("Mr. Heidi") and Betty Heidi's ("Ms. Heidi") and Heather Rooney-McBride's ("Ms. Rooney-McBride") Motions to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docs. ## 36, 38). *Pro se* Plaintiffs William G. Morse and Tanya L. Morse (collectively "Plaintiffs") oppose. (Doc. # 81). For the reasons set forth below, Mr. and Ms. Heidi's and Ms. Rooney-McBride's Motions are GRANTED.

## DISCUSSION

I.  FACTS[1]

Plaintiffs' allegations against Defendants stem from Plaintiffs' claim of "illegal proceedings in a circuit court hearing." Plaintiffs claim that in the fall of 2012, they entered into a contract to purchase property from Mr. and Ms. Heidi, but that several months after moving onto the property a number of Plaintiffs' livestock became sick and died. Plaintiffs allege they discovered Mr. Heidi had retired from a septic tank pumping business and had previously

---

[1] Unless otherwise noted, all of the facts are taken from Plaintiffs' "Official Federal Notice of Claim." (Doc. # 9-1).

1

dumped "raw sewage and unknown contents" onto the property. They claim Mr. and Ms. Heidi, along with their real estate agent, David Haskins, fraudulently concealed this fact from Plaintiffs when transacting the sale of the property. Following this discovery, Plaintiffs refused to make their monthly payments on the property. As a result, Mr. Heidi filed foreclosure papers. Plaintiffs did not respond within the prescribed time limit and a default judgment was entered against Plaintiffs.[2] (*See* Doc. # 32-3, p. 2 (denying Plaintiffs' Motion to set aside default judgment)). Thereafter, the Circuit Court of Ozark County ordered the Plaintiffs' livestock seized and sold at auction to satisfy the debt. (*See* Doc. # 32-2).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint if it lacks jurisdiction. When considering a Rule 12(b)(1) motion, a court may consider matters outside the pleadings because the court has "'substantial authority . . . to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff has the burden to prove jurisdiction exists. *Id.*

## III. ANALYSIS

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiffs' "Official Federal Notice of Claim" is not the model of artful pleading, but giving it liberal construction, it appears Plaintiffs are alleging their federal civil rights were violated due to "illegal proceedings in a circuit court hearing." (Doc. # 9-1, p. 2). "The *Rooker-*

---

[2] Plaintiffs contend they did file a timely response but that the documents were lost by the Ozark County Court Clerk, Becky Strong.

2

*Feldman* doctrine provides that, 'with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.'" *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (quoting *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000) (in turn citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923))). Thus, "[d]istrict courts may not review state court decisions, 'even if those challenges allege that the state court's action was unconstitutional.'" *Id.* (quoting *Feldman*, 460 U.S. at 486). This is because "'[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court.'" *Id.* (alteration in original) (quoting *Lemonds*, 222 F.3d at 492).

What this ultimately means is that "[a] party who was unsuccessful in state court . . . 'is barred from seeking what in substance would be an appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). "This jurisdictional bar extends not only to 'straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions.'" *Id.* (alteration in original) (quoting *Lemonds*, 222 F.3d at 492). Accordingly, federal district courts "may not exercis[e] jurisdiction over general constitutional claims that are inextricably intertwined with specific claims already adjudicated in state court." *Id.* at 548-49 (alteration in original) (quoting *Lemonds*, 222 F.3d at 492-93) (internal quotation marks omitted). A federal claim is "inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" *Id.* at 549 (quoting *Lemonds*, 222 F.3d at 493).

Here, Plaintiffs are attempting to appeal the decision of the Circuit Court of Ozark

County, Missouri, to this Court in contravention of the *Rooker-Feldman* doctrine. Plaintiffs' claims are all inextricably intertwined with the state court judgment because they succeed only to the extent that this Court would determine the state court wrongly decided Plaintiffs' state court case. Were this Court to grant the relief Plaintiffs request, the Court would be "'effectively revers[ing] the state court decision or void[ing] its ruling.'" *See Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997) (holding that a federal claim is inextricably intertwined with a state court claim if the relief requested in the federal action would "effectively reverse the state court decision or void its ruling"). Such a request is precluded by the *Rooker-Feldman* doctrine. Accordingly, this Court does not have subject-matter jurisdiction over Plaintiffs' claims.[3]

## CONCLUSION

Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction over challenges to state-court decisions. To grant relief to Plaintiffs on any of their claims would require this Court to determine that the state court erred in its handling of Plaintiffs' state court case. Such a request is a challenge to a Missouri court decision. Thus, this Court lacks subject-matter jurisdiction over Plaintiffs' claims. Accordingly, for these reasons and the reasons set forth above, Mr. and Ms. Heidi's and Ms. Rooney-McBride's Motions to dismiss for lack of subject-matter jurisdiction are GRANTED. Plaintiffs' claims against all

---

[3] Also before the Court is Plaintiffs' "Requested Motions" (Doc. # 3), Plaintiffs' Motion for Return of Illegally Seized Property and to Place on Hold any and all of Ozark County, Missouri Circuit Court Orders (Doc. # 10), Plaintiffs' Requested Motions for Documented Personal Property and such said Property Held in Abeyance (Doc. # 14), Plaintiffs' Motions for Default Judgment (Docs. ## 76, 80, 83), and Defendants Rex Donley's, County of Ozark, Missouri's, Darrin Reed's, Sgt. Collins's, Kenny Hannaford's, Thomas Cline's, Becky Strong's, Craig Fox's, Heath Humphries's, and David Haskins's Motions to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. ## 32, 47, 49, 51, 53, 55, 57, 59, 61, 65, 72). However, as the Court lacks subject-matter jurisdiction over Plaintiffs' claims, the Court lacks the power to hear any other matters related to this case. Accordingly, these Motions are DENIED.

Defendants are DISMISSED.

**IT IS SO ORDERED.**

<u>Gary A. Fenner</u>  
Gary A. Fenner, Judge  
United States District Court

DATED: October 24, 2014.